IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL A. REID, on behalf of herself and others similarly situated,

Plaintiff,

v.

No. ______________________
JURY DEMANDED

GOLDEN TITLE LOANS, LLC, a domestic limited liability company and DOUG GOLDEN, Individually,

Defendants.

COMPLAINT & DEMAND FOR JURY TRIAL

1. The Plaintiff, Michael A. Reid ("Plaintiff"), was an employee of Defendant, Golden Title Loans, LLC and Doug Golden (collectively "Defendants"), and brings this action for unpaid overtime compensation, unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a loan officer and assistant manager and performed related duties for Defendants in Shelby County, Tennessee.

2. Defendant, Golden Title Loans, LLC, is a Tennessee limited liability company that operates and conducts business in, among others, Shelby County, Tennessee, and is therefore, within the jurisdiction of this Court.

3. At all times relevant to this action, Doug Golden was an individual resident of the State of Tennessee, who owned and operated and regularly exercised authority to: (a) hire and fire employees of Golden Title Loans, LLC; (b) determine the work schedules for the employees of Golden Title Loans, LLC; and (c) control the finances and operations of Golden Title Loans,

LLC. By virtue of having regularly exercised that authority on behalf of Golden Title Loans, LLC, Doug Golden is an employer under the FLSA as defined by 29 U.S.C. § 201 et seq.

4. This action is brought under the FLSA to recover from Defendants minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated, non-exempt employee who worked for Defendants at any time within the past three (3) years.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

6. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). Additionally, Plaintiff and those similarly situated were engaged in interstate commerce during their employment with Defendants.

7. During their employment with Defendants, Plaintiff and other similarly situated employees were designated as white collar employees exempt from the overtime requirements of the FLSA by Defendants.

8. Plaintiff and other similarly situated employees did not make a guaranteed salary of at least $455.00 for each week worked for Defendants. (*See* Pay Stub, attached hereto as Exhibit A).

9. Plaintiff and those similarly situated to him were non-exempt employees entitled to overtime under the FLSA as they could not have been properly considered white collar exempt employees.

10. At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a workweek.

11. Defendants failed to compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

12. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendants who, like Plaintiff, were not compensated at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years.

13. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated to him, are in the possession, custody, or control of Defendants.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

15. Plaintiff and other similarly situated employees are or were entitled to be paid overtime compensation at one and one half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

16. During their employment with Defendants, Plaintiff and other similarly situated employees, regularly worked overtime hours but were not paid time one and one-half times their regular rate of compensation for same.

17. Defendants failed to compensate Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay for overtime hours that they worked, in violation of the FLSA.

18. Upon information and belief, Defendants' failure to properly compensate Plaintiff and other similarly situated employees for overtime hours worked was intentional, willful, and/or reckless, causing Plaintiff and other similarly situated employees to suffer damages plus incurring reasonable attorneys' fees and costs.

## COUNT TWO:
## FAILURE TO PAY MINIMUM WAGES

19. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

20. Plaintiff and other similarly situated employees are entitled to be paid at least the minimum wage for each hour that they worked throughout their employment with Defendants.

21. Plaintiff and other similarly situated employees frequently were permitted or required to work "off-the-clock" in violation of the FLSA.

22. Further, Plaintiff and other similarly situated employees were permitted or required to arrive early or stay late to perform work related duties and this additional time was not counted in their paid work hours.

23. Defendants willfully, intentionally, and/or recklessly failed to pay Plaintiff and other similarly situated employees at least the minimum wage for each hour of service rendered to Defendants during one or more weeks of their employment, in violation of the FLSA.

## DAMAGES AND REQUESTED RELIEF

24. As a result of Defendants' intentional, willful, and/or reckless failure to lawfully compensate Plaintiff and other similarly situated employees for overtime hours that they worked, Plaintiff and Plaintiff's similarly situated co-workers have suffered damages and incurred reasonable attorney's fees and costs.

25. As a result of Defendants' intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff and other similarly situated employees are entitled to liquidated damages from Defendants.

26. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff and all other similarly situated employees hereby seek judgment against Defendants ordering payment of all unpaid wages found to be due and owing, pre-judgment and post-judgment interest where applicable, payment of liquidated damages, payment of reasonable attorneys' fees and costs incurred as a result of this litigation, declaratory relief, and such further relief as this Honorable Court may deem to be just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By: s/Jennifer M. Bermel

Jennifer M. Bermel, #21392
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1827
Fax: (901) 523-1999
Email: jbermel@forthepeople.com